May it please the Court, Katherine Barton for the United States. I'll attempt to reserve three minutes for rebuttal. This case involves a motion to quash a subpoena issued by an administrative law judge to a decedent's attorney in a federal Indian probate proceeding. The subpoena was requested by an interested party and issued by the judge in response to information that came to light at the probate hearings that raised questions about the mental capacity of the decedent, Matilda Covington, at the time that the will was executed. So the subpoena was issued – well, first of all, the decedent's attorney testified actually at the hearings that the decedent had made notes regarding her wishes as to the disposition of her property before the will was executed to help the attorneys. And so the administrative law judge issued a subpoena for these notes and other documents relevant to the preparation of the will in order to be able to determine what the decedent's true intent was as to the disposition of the property and whether the will reflected that. Now, there's no doubt, I suppose, both sides agree that Washington State law applies. Is that correct? No. That is actually a fundamental disagreement in this case, I think, which is presented in the briefs. Our contention is that – and I actually think there's no underlying dispute that, absent anything to the contrary in Interior's regulations, these are Federal proceedings conducted pursuant to Federal statute to carry out Federal trust responsibilities. Well, take us through the – your own regs require that State evidentiary rules apply. Is that not correct? No. No, they do not. And here is the reading of our regulations. The 43 CFR section 4.232 includes four subsections that pertain to the form and admissibility of evidence. Each of those subsections addresses an independent aspect of the evidentiary question. Subsection A provides that parties may come forward and offer – may offer evidence as they deem appropriate that comports with the State rules, generally accepted rules of evidence. Now, that provides a baseline sort of for the proceedings. They know – the parties know what they can come forward with. But the second provision, 4.232B, states that the ALJ may admit evidence that does not comport with the State rules of evidence, allowing – therefore, parties know that they can try to offer evidence that does not comport with the State rules of evidence. And the ALJ has discretion to admit it. The language of that subpart, I found a bit ambiguous when I read it. And it listed a number of things. I don't have the language in front of me. Right. But it struck me, and this is against your client's argument, that if the principle that – and when I was in law school, they called it eustem generis applied. I think I'm pronouncing that right. I'm not sure my Latin's – I don't know either, so you're safe. That if that applied, that maybe it wouldn't apply to a privilege, the discretion. In other words, that the ALJ or the hearing examiner could admit something that was in the nature of hearsay that wouldn't technically be admissible under State law, but maybe couldn't make the leap past the State law privilege. So do you want to go – could you refresh my memory on the exact language of that subpart? Yes. It does say may admit that OHA deciding official may admit letters or copies thereof, affidavits or other evidence not ordinarily admissible. Well, now, those last three words, not ordinarily admissible, are very significant, are they not? Read in context with sub A where the generic rule is that we follow generally accepted rules of evidence of the State in which the evidence is taken. Right, right. I would agree that that provision is saying not ordinarily admissible under the State generally accepted rules of evidence. I think that's probably – I'm not sure if it really matters there, but yes. But let me say we do not rely solely on – Well, if it's pretty significant, is it not? The hearings examiner held that State law applied. Is that correct? Excuse me? I'm wondering if we're communicating well. Didn't the hearing examiner in this case rule that State law applied? No. No, not at all. The hearing examiner, Judge Hammett, expressly relied on the Federal testamentary exception and U.S. Supreme Court case law to – in his response to Covington's attorneys to say, yes, you must turn over. Excuse me. It was the district court. The district court. District court. Excuse me. Yes, the district court did help. I stand corrected. You're absolutely right. That is incorrect. The district court provided no reasoning and cited only to 4.232a. Now, I'd like to – and I agree that 4.232b is ambiguous. I think in that case you should defer to the Interior Department's interpretation of its own regulations, which are not – which are purely at the discretion of the Secretary. I mean, there's no – all the statute requires is that the Secretary approve its wills of pertaining to Indian trust property. There's no requirement for a hearing or anything like that. So this is totally at our discretion. I wanted to defer to the Secretary's interpretation. If there were kind of a formal interpretation, like a regulation that gives a definition of this regulation subpart or some formal opinion of the office of the counsel or something, you know, something people could look up, I understand that. But do we defer to – is the interpretation here just the Interior's litigation position? It – yes. The interpretation is essentially – I mean, there is some case law in the Interior Board of Indian Appeals, but as to 4.232b, it does not go beyond issues of hearsay. So it is a litigation position which can be given deference to under Auer v. Robbins, the Supreme Court case of Auer v. Robbins. And what the Supreme Court's last word was on that. Can we give deference to that, to a litigation position? I believe that Auer v. Robbins is still – yes, is still good law. But let me point to 4.230 – 4.232c then deals with what the parties can stipulate to, and that's not at issue here. But 4.232d then says that the OHA deciding official may in any case require evidence in addition to that offered by parties in interest without any – any specification as to the law that applies. Now, let me go to – actually, the appellees brought up – But you're not arguing that whatever's in d supersedes what is stated in a. Yes. You are arguing that. Yes. We are arguing that d – that it's progressively sort of more liberal and that there's The whole goal of these proceedings is for the Secretary to be able to carry out her duty to determine what the Indian decedent wants. There's no reason to have – to stick to State law in this. And let me go to, which will help this, to 4.220, which the appellees also referred to, which is the provision regarding production of evidence, which perhaps is even more pertinent here because we're talking about the production at this stage, not litigation. I understand. Your position is sure. Sub a says that you follow the generally accepted rules of evidence of the State. Then b says, but you can also admit items not ordinarily admissible, presumably under the laws of the State. But then you get to d and say, no matter what we said in a and b, you can introduce anything. Well, but see, each of these provisions, the first says what parties may offer, what they have a right to come forward with, and the ALJ can't say it can't come in. Anything valid under the State rules of evidence can come in. Then it says, b, what can the ALJ at his discretion admit? Can he go beyond that? So that the parties know that they can try to offer something that doesn't comport with the State rules of evidence. And it says, yes, you don't have to comport with the State rules of evidence, and maybe the breadth of what that exception is is in dispute. But then it says, d, regardless of what the parties have come forward with, and the first is they have a right, the second may be admitted at the ALJ's description, and the third under d, the fourth disregarding the stipulation part, is what the OHA deciding official can compel to come in, because the ALJ has an independent duty, regardless of what the parties come forward with, to make a determination as a Secretary's agent as to what the decedent's intent is here. And so the ALJ can compel information, evidence, that nobody offered or asked to submit. The ALJ can require it. All d means is that he can call his own witnesses, right? He's not limited to the evidence that the parties. No, no. It's documentary. It's not limited to witnesses, I don't believe. Well, okay, or documents. But, I mean, it doesn't mean that he can reinvent the rules of evidence. He couldn't compel, for example, he decides he's going to require testimony in violation of the Fifth Amendment privilege. He wouldn't be authorized to do that under d. It just means he can or she can introduce or require the introduction of other evidence that would fit a or b that the parties didn't offer. First of all, these are administrative proceedings, and neither State rules of evidence nor Federal rules of evidence apply to them, because those, by their terms, are statutes that apply to the courts. Now, there's certain Federal common law. With respect to the particular regulation we're talking about. Except to the extent that Interior requires it. But I'm saying Interior does not require it. A says the parties can offer evidence. Right. That's what you can offer, what you can come forward with. B says the administrative law judge can also require evidence that wasn't offered by the parties. Right. But without specifying this State law. It doesn't purport to deal with the rules of, excuse me, it doesn't purport to explain what's admissible and what isn't. It just says that the ALJ can go beyond the evidence offered by the parties. The ALJ may require evidence in addition to that offered by the parties. Right. Please let me try to get to 4.220, and maybe this will help clarify things. 4.220 is, pertains to production of evidence. And it says that the ALJ, that parties may ask to produce and that the ALJ may compel on his own, sua sponte, or at the request of parties, the production of relevant evidence that isn't privileged. And it has no, it speaks not at all to what's law pertains in determining what relevant evidence is. The only restriction is that it is relevant and that it not be privileged. That, that does not, that provision comes before this provision. It is, it comes before in the proceedings. It says what can be produced, and it is not limited to State law. And that's actually the stage that we're at now, is the production stage. He's ordering the production of evidence. What provision is that again? It's 4.220, 43 CFR 4.220. And it is in my reply brief, part of it, at page 5. What section of 4.220 are you referring to? Is there an A and a B? I think it's the first section. Well, A just says an interested party may make a written demand to produce documents, and the demand could be for papers, records, letters, swords that are not privileged. Right. Right. And then it goes on to say that the ALJ may compel the production of documents. This is, this is the full breadth of the rule. The ALJ may compel the production of documents not privileged, and it doesn't, it doesn't limit it to any rules of evidence. Okay. But don't we have to come back to 44.232A, which is the threshold requirement that you apply the laws, the evidentiary laws of the State? That is not the threshold requirement. That is what the parties may have a right to offer, but it is not the limit of what can be introduced. And it makes more sense to look at it the other way around, to go, I mean, it's bad enough, in my view, that the, that the, the appellees insist that when there's four separate subsections, that you have to look at this, the language of a first subsection. They could have written this rule that says State rules of evidence shall guide all proceedings, subject to these particular exceptions. But that's not how they wrote it. They wrote four different sections, subsections with separate language and separate standards guiding each one. But then you have an entirely different section regarding production, which makes no reference to the rules of evidence. But let me, let me say, before I run out of too much time, I don't think it matters in the end. I mean, we do think that the Federal rules of evidence apply, and there's good rule, not the rules of evidence, excuse me, Federal law provides the fallback position here, the ultimate thing that governs Federal administrative proceedings, and that Interior's regulations don't mean to provide, to limit that ability. But even if you determine that State law applies, certainly there's no reason to think that Washington courts would not adopt the testamentary exception. Let me ask you a question. Does it matter if they would have adopted, doesn't have to be generally accepted? It's not what, this is not like a diversity case where we try to predict what the Washington court would do. We have to determine whether or not the rule is generally accepted. I think if it, whatever the Washington court would hold the way that the Washington statute pertaining to privilege is a codification of the Washington State common law, and that's how the court interprets it, and there are a number of common law exceptions, so I think you just have to determine whether, if there would be a common law exception in Washington State, as there is all across the country and virtually every other State that I'm aware of and Federal law, a testamentary exception. You're saying this rule is generally accepted in Washington now? It's generally accepted in other states. Washington has not addressed it one way or the other. So my understanding was Washington, just precisely what you just said, that the State supreme court and probably the intermediate courts of appeal haven't issued any precedential ruling recognizing the testamentary exception. Right. So it's like open territory there, but in Federal common law and in most jurisdictions in the United States, there is that exception recognized. Yes, exactly. And that's how, and Washington generally follows the majority rule and it applies to the purpose. It looks to the purpose of the privilege and it's broadly accepted that the purpose of the testamentary exception is to allow, is that the client only intends this information to come forth to the neighbor. If we don't rule for you on the Federal law applying and we conclude State law applies to the privilege issue here, wouldn't it be, or would it be appropriate to certify that issue? It is appropriate to certify and we've offered that as an option. Frankly, we think it's sufficiently straightforward. There's really no reason to think Washington wouldn't follow what almost every other State and every other State that I'm actually aware of and the Federal courts have done, and this was recognized by the Supreme Court more than a hundred years ago, the testamentary exception. It comes from English common law. So I think in the interest of efficiency. Let me be sure I understand the government's position. I have been a little confused on this. What you're saying is that Federal law applies to the hearing, but State law applies to the determination of privilege. Is that a fair statement or not? No, no, no, no. I'm sorry. Federal law applies to the hearing, and the only thing that State law does. We agree so far. That's your position. The only thing that State law does is provide a baseline to tell the parties what they may offer. It doesn't limit anything about what the ALJ can consider and it doesn't, and it's a Federal law privilege that ultimately applies. Well, I thought I just heard you in your discussion. This is our fallback argument.  Even if you disagree with us. I see. All right. Even if the government is wrong about the Reg's interpretation and Federal law doesn't apply and it's all State law, then you think the State law would recognize the privilege? Yes, definitely. There's really no reason to think otherwise. I'll reserve the rest of my time for rebuttal. Thank you. You may do so. Good morning. David Grosbeck on behalf of Mr. James Edmunds, Colville Tribal Legal Services. In the lower court, Judge Van Sickle narrowly ruled that Mr. Edmunds' testimony and materials were protected by Washington's attorney-client privilege statute. The court has already understood, I think, what the reasoning of Judge Van Sickle's order was. The narrowly decided issue was that 43 CFR 4.232A requires in Indian probate proceedings to use the evidence of the law in which the testimony is being taken. And interestingly, the Department of Interior has flip-flopped on this very issue. And I think, Judge, one of your points is that you were correct in that in the earlier proceeding, on page 3 of the government's reply brief, they admitted in lines 7 through 9 that the state's law applied. And yet they come before you today arguing just the opposite. So I recommend that you review that. Well, am I correct there is no generally accepted Washington rule that applies here on the exception of whether it does or does not apply in Washington? Are you talking about the testamentary exception? Yes. Well, first of all, I think that's a red herring. Yeah, but it's my herring, so let me ask. That's fine. No, there is no testamentary exception in the State of Washington. And one of the arguments, you know, that I've heard of. I mean, it hasn't been adopted. It hasn't been rejected. It's just an open question. Well, the legislature has not authored any statute that allows for the testamentary exception. For example, in Idaho. Do the Washington courts? The Washington courts have dealt with the testament issues surrounding privilege and, well, with the privilege and in a will contest. And that case is the Cummings v. Sherman case. In that case, the court had right before it an opportunity to adopt the testamentary exception. And in that case, that's Cummings v. Sherman, 132 Pacific 2nd, 998. In that case, there were, I believe, a husband and wife who later had ‑‑ there was a will contest involved between them. And what the court held was, instead of having a testamentary exception, what they held was that when two parties, such as a married couple, visit an attorney, there is no privilege as between a dispute between the two parties. That's a different evidentiary point. But that's my point, is that they had an opportunity to deal with that. Yeah, but courts don't always ‑‑ I mean, if they decided it on that ground, they didn't have to reach the testamentary exception. Right. But the argument is ‑‑ There's no law from that, the way I see it. You're right, Your Honor, but it's not the Washington State Supreme Court that ought to be dealing with it. It's the legislature. And so ‑‑ Okay. But if we need to find out what the law of Washington is on this very narrow point, perhaps we ought to certify it. I disagree, Your Honor. The reason why is because you, in order to certify, there must be some sort of concern or doubt about what the law is. There is no doubt. There is no testamentary exception. The government admits that. Well, you have no doubt that there is no exception and the government's lawyer has no doubt that the State Supreme Court would recognize it. So that's what makes horse racing. That's right. But our horse gets to the line before their horse. All right. What are you relying on for that proposition? I'm relying on that proposition that, for example, there's this concept, and there are law review articles on this, and also looking at the Swidler case from the U.S. Supreme Court dealing with Mr. Foster's death, et cetera. They've gone at lengths to deal with the pros and cons to the testamentary exception. But there are quite a few states that have adopted it. But, for example, let me just read you Ohio's, okay? Because I think it's important. Okay. But the question still is, what is the law of the State of Washington on this point? And that's exactly what happened here. And one point that I think is significant that I think was misstated is that the subpoena ducis tecum couched under subpoena ducis tecum required the testimony of Mr. Edmonds as well as the production of his documents. And so it's not just a documentary issue. It's also for him to testify. Let me ask you this question. Granted, the legislature says any communication, but are you saying our friends on the State Supreme Court in Olympia couldn't interpret that statute and say that's a general rule but we're going to imply a testamentary exception? I believe, as judges, they could come up with a decision. But I believe that probably more appropriately they would defer to the legislature. Let me tell you how I've noodled this out, and you tell me where I've missed the boat. The ALJ doesn't have any power to certify questions to the Washington Supreme Court, so the ALJ has to decide what's generally accepted at the time the case is before him. There is no generally accepted rule in Washington one way or the other on whether there's an exception or there's not an exception. So for that reason, he has to go to the fallback position, which is apply federal common law, and federal common law recognizes the exception. Tell me where I've missed the boat. Well, you've missed the boat that Washington has not or has this exception. The rule, the general starting point, is that it's privileged, period, end of story. And because Washington has not adopted it, the law of the State of Washington is that attorney-client privileged communications are not to be divulged, period. Assume for the sake of our discussion, I know you disagree with this, but assume for the sake of our discussion that it's an open question in Washington law. What should then the ALJ do who doesn't have the power to get anything certified? He's stuck with having to decide the case right there. Assuming it's an open question under state law, what should he do? Should he look to his federal law then by default? No, because that's not what the regulation says. I think the easiest way to handle this entire issue is to obviously affirm the district court's ruling, but if taken the government at its word, they ought to go back and amend the regulation to succinctly state that the federal rules of evidence apply, period, end of story. Well, that wouldn't apply to this case. It would, but that's my point. You can't do it retroactively. But that's why I said it. What would the federal rules of evidence do? I mean, it doesn't have a state privilege. I agree, I believe. That wouldn't help us any either, really. Well, I agree with counsel that if federal law applied, then under ER 501, the Federal Rules of Evidence 501, because there is from the U.S. Supreme Court a testamentary exception, this testamentary exception likely would apply. I mean, I can understand that reading. On the state law issue, I understand your position to be there is generally accepted law that there's a privilege of a counsel, and if the exception isn't clearly established, that the ALJ or the hearing examiner ought to apply the general rule. Is that the gist of it? The general rule of the State of Washington, right. That's correct. Now, what if you're saying that is established and the state hasn't clearly established the exception? That's right. But if we got to the state law issue and we had any doubt, you think we shouldn't have doubt, so we shouldn't certify it. That's right. If we did have doubt, then we could certify it. Right. I think the ammunition is RCW 560.060.2. That's the law, and on that basis is what Judge Van Sickle ruled. How about the government's argument? Could we go back to the short threshold issue, whether the ALJ can go past that subpart A and find a way to apply federal law? Absolutely not. Well, let's take B, subpart B. You bet. It doesn't have language in it. I mean, the substance is notwithstanding that something is not otherwise admissible, he can consider a report or this or that or other evidence. And if you read other evidence broadly, it sounds like he can admit anything he wants. Well, right. This is an administrative hearing, and I'll just say as part of my experience, and I'm sure in your practice, that when you deal with an administrative agency, there are times because of the nature, the very nature of the action, is that you have people who are not lawyers, and in this case, for example, under Indian probates, you can be represented by a non-lawyer, a party. In other words, these are a typical administrative hearing. And I've been in administrative hearings. That's exactly why the rule requires that these have to be generally accepted rules. Except for, remember, privilege. Even going to 220, like counsel sort of referred this court, it even says that the production of documents for inspection and copying are valid or other things not privileged. And it almost seems like everybody knows that there are privileges, and so it's sort of reinforcing the fact that they can't. I mean, we don't want the ALJ taking a stab at what he thinks Washington law is, right? He has to apply what's a generally accepted rule of evidence. Now, if there is no rule, your premise is there is a rule. But I'm positing if there is no rule that's generally accepted, then he's got to look somewhere for what the rules are, and by default, federal common law would then kick in. What's wrong with that? Well, what's wrong with it is let's assume Mr. Edmonds had never objected to the subpoena. Then Mr. Hammett could have gone throughout this proceeding. But Mr. Edmonds brought to his attention that there was law and that there was, in this case, the law of privilege. And so he was put on notice that Mr. Edmonds could not be questioned about it or divulge materials. So, I mean, if Mr. Hammett, well, now deceased, but his successor, if they go in and nobody objects to the evidence, then it comes in. But that's the distinction here is Mr. Edmonds objected. Now, one other component that I think is very important here is the rules of professional conduct because typically, and that's why this makes sense, this is a uniform, let me put it this way, it does not surprise me that under subpart A it refers to the state rules of evidence. Why? Because that's where most of the lawyers are practiced, the ones who do Indian probates and the ones who counsel their clients, in the state in which they're taking the testimony. Secondly, in every other probate in the United States, it's their state actions and they are based on the evidence of that state. And one of the other arguments from co-counsel as well, if an Indian owns trust property in two different lands, then this may lead to different conclusions because they're using the law of one state versus another. Well, that's what happens in probates in every state of the union. If you own property in the state of Washington and in Arizona, then you probate both of the wills determining that property, and both of their laws of evidence apply. It's not inconsistent. But coming back to the rule of professional conduct, RPC 1.6 under Washington's rules of professional conduct is co-existent with the privilege statute. Now, arguably, and the one distinction about 1.6 is that you're not allowed to divulge unless by court order. Okay? And in this case, obviously, Judge Van Sickle agreed. But Judge Van Sickle never, having argued it below, Judge Van Sickle didn't even rule on the RPC argument, although I had made it. But I think it's important for this Court. Do you want to say anything about the deference issue? The court raises that. Yeah, I've read the arguments, and I completely disagree. I think a plain reading of the statute, of the regulation under A, it says what it says. Under generally accepted rules of evidence of the state in which the evidence is taken. I do note that state is a capitalized term. Why is this important? Because in all drafting, a capitalized term means something. Interestingly, I went looking for the definitional section. And under 43 CFR 4.201, the definition part, there is no term for state. I did look at other CFRs for. . . You think this means other than one of the states of the union? Well, typically, that I've seen in federal law is any state of the union as well as Puerto Rico and its territories.  So what's the point? The point is, is that the reading that the government has proposed today as sort of being this sort of minimum threshold is not. . . isn't even in the reading. It says, you know, rules of evidence of the state, capital, in which the evidence is taken. The evidence is taken in Washington, Puerto Rico. The government, as I understood their argument. . . I haven't made a decision I would accept it in my mind. But I think their argument is subpart A is a minimum threshold. The parties can offer that. That will be admitted. But that under the other subparts, the hearing examiner can admit other evidence. Well, I think B and C go more to form and other parts of admissibility that I completely disagree. And the reason why I disagree is that if at best, if these regulations are ambiguous, at least as to B and C, then that shouldn't go against my client. Let's take B for a second. What about this principle of eustem generis? Does that help your client on the meaning of other evidence? Well. . . B has to mean something. Well, it does. And I think what B means is I'm aware that in some Indian matters, there are things that don't fit into the general rules of evidence. Okay? Whether it is a perhaps. . . I'm lost right now. But there may be some document that doesn't fit the hearsay exception. Or authentication. Or authentication. That's what I think that statute gets to. It talks more about the procedure, I believe, as to how it comes up. But this baseline is baloney. And it's baloney because if anybody. . . If you were to give this as a law exam question, everybody. . . You say, well, you know, if Ms. Covington died in Washington State, which laws of evidence applies? A hundred out of a hundred are going to say Washington. In summation, I. . . You know, the. . . Mr. Edmund's request, I think, is the most pragmatic one. And that is to affirm the district court in its analysis. And remember, this. . . It was the government's position at the time that the state laws of evidence applies. If Interior desires the Federal rules of evidence to apply. . . And the subsequent Federal common law on dealing with a testamentary exception. . . Then they ought to go back and amend their regulations. Thank you. Thank you, counsel. Ms. Barton, you have some time. First of all, let me say that 4.232B is not limited to just matters of authentication. I mean, the IBIA, the Interior Board of Indian Appeals, has allowed hearsay material to come in through that. And I would. . . Through 4.232B. And I would caution the Court if it rejects our argument that state law does not provide a limitation here. That it not somehow narrow what can be introduced in a manner that would make it too difficult for the Secretary to carry out her responsibility to really determine, not as a matter of adjudication, but just as a responsibility as a Federal trustee for the Indians and a duty conferred on her by Congress. I didn't think it was limited to authentication, but I thought it might be limited to things like hearsay. But there may be hearsay that isn't. . . Letters, documents, and hearsay are all the same thing, either. So I feel like that is a much more open-ended provision than just letters and documents would indicate that it is. Because hearsay. . . But other evidence could swallow up and totally negate subpart A. Well, no, because subpart A tells parties how they can plan their case and come forward. And I presume it uses state law, because it's correct that most of the practitioners are state law practitioners and understand those rules of evidence. But we don't think. . . It doesn't swallow up the rule, because that just provides the baseline. And let me say. . . Let me ask you about that, though, and if I take you over your time. Okay. Judge O'Scanlan, I hope we'll give you an extra minute. Thank you. Normally, we don't have one rule of procedure for the advocates and another one for the judge. Normally, there's like some controlling law applies to procedure, and the parties follow it and the judge follows it. So for that reason, I'm finding the interior's interpretation of this regulation odd. You know, to say that subpart A means the parties can offer under state law, but subparts B, C, and D apply a wholly different law. So I find it easier to understand the statute if state law generally applies, but B means something, that there's an exception for a certain category that we can't quite define. Well, let me do point out that it has been recognized that the position of the ALJ in an Indian probate proceeding is virtually, I think it's in our brief, a unique position, in that he's not really an adjudicator. He's really an agent of the secretary to determine. . . The authority of the secretary is delegated to the ALJ to determine what the will intends, so that the ALJ can do all kinds of things sui sponte that a judge might not be able to do. The ALJ has. . . It's a very different kind of proceeding, and that's why we don't think that there has to be this sort of strict, traditional, some rules of evidence apply. And let me say also. . . But it's still subject to the provisions of the regulations of the Department of Interior and BIA, right? The ALJ is subject to these regulations, yes. And also, they also apply the procedures in the APA. There's an IBIA opinion that says all these, the ALJ proceedings will apply the procedures in the Administrative Procedure Act for adjudications, which only limit the introduction of evidence to relevant evidence. It's, I forget, it's 556 and 557 or something like that. Counsel, your time has expired. Thank you. The case just argued will be submitted for decision.
judges: O'scannlain, Silverman, Gould